# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | CRIMINAL NO. 13-00088-KD |
| ) | |
| JOSEPH P. DeMARCO, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on motion to terminate counsel, the motion to request transcript, and the motion for indigent status filed by defendant Joseph P. DeMarco (docs. 42-44). Upon consideration, and for the reasons set forth herein, defense counsel Jacqueline Rachel Powell is **ORDERED** to **show cause** on or before **March 5, 2014,** why she certified that she had contacted the Court Reporter and made satisfactory arrangements for paying the cost of the transcript and why she certified that she had filed a copy of the Transcript Order Information Form with the District Court Clerk and sent a copy to the Court Reporter when the information before the undersigned indicates that she had not done so. Additionally, Powell is **ORDERED** to provide to the Court on or before **March 5, 2014**, for *in camera* review, "(1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, (3) the costs actually incurred, and (4) the hours expended and services actually rendered".

Background

On April 25, 2013, DeMarco was indicted for failing to register and update his registration required by the Sex Offender Registration and Notification Act. He provided the Court with a financial affidavit sufficient to show indigent status and Larry Moorer, an attorney from the Criminal Justice Act Panel of Attorneys, was appointed to represent DeMarco. The case

was tried on August 8, 2013 and the jury found DeMarco guilty. He sentencing was scheduled for December 6, 2013.

The day before sentencing, Jacqueline Rachel Powell filed a notice of appearance as counsel for DeMarco. Moorer and Powell both appeared at the sentencing hearing on December 6, 2013. Moorer informed the Court that Powell was present but he was not aware of her representation until that morning and consequently was prepared to go forward with the sentencing. Powell informed the Court that DeMarco had retained her the day before, that he wanted Moorer to represent him at sentencing, that Powell planned to represent DeMarco on appeal. DeMarco was sentenced to a term of 18 months.

On December 20, 2013, Powell filed a notice of appeal. On December 23, 2013, the letter from the United States Court of Appeals for the Eleventh Circuit confirming that the appeal had been docketed was filed in this Court. The letter was addressed to Powell and explained certain requirements she must meet. The letter also included a warning that the appeal would be dismissed within fourteen days unless Powell filed a Transcript Order Form in accordance with the instructions on the form. She was also informed that unless a transcript was ordered, DeMarco's appeal brief must be served and filed within forty days from December 20, 2013 (January 29, 2014).

On December 30, 2013, the Instructions for Attorneys completing the electronic version of the Eleventh Circuit Transcript Information Form was sent to Powell and provided further guidance as to the proper completion and docketing of the Form. The Instructions state: "Your transcript information form will be emailed to the court reporter via CM/ECF when the form is e-filed with the District Court. Please read and follow the prompts carefully during the event." (Doc. 40)

### Certification to the Eleventh Circuit

Despite these instructions, Powell filed the Transcript Order Information Form in the Court of Appeals on January 7, 2014 and a corrected Form on February 5, 2014, but did not file either form in the District Court. Relevant to this Court's inquiry, the Form contains two certifications. The first is "I certify that I have contacted the Court Reporter(s) and have made satisfactory arrangements with the Court Reporter(s) for paying the cost of the transcript" and the second is "I certify that I have completed and filed Part 1 with the District Court Clerk and the Court of Appeals Clerk, sent a copy to the appropriate Court Reporter(s) if ordering a transcript, and served all parties."

As to the first, the Court has ascertained that Powell has not made any arrangements with the Court Reporter for paying the cost of the transcripts. As to the second, the District Court docket shows that Powell did not file either the January 7, 2014 Form or the February 5, 2014 Form with the District Court Clerk. Since she did not file the Form in the District Court, the Court Reporter did not receive email notification nor were all parties served. Thus, Powell has made certifications to the Court of Appeals that appear to be incorrect. While her certifications were not made to this Court, they are relevant to the Court's determinations as to DeMarco's *pro se* motions that were filed in this Court. Thus, the Court finds it necessary to order Powell to show cause, on or before March 5, 2014, why she made these certifications.

### DeMarco's *pro se* motions

DeMarco filed a motion to terminate counsel wherein he alleges that Powell "failed to provide proper notification of request for transcript", "failed to provide defendant with discovery in order to prepare for proper defense for appeal", and "failed to maintain contact with defendant." (Doc. 44) He also filed a motion to request the transcripts as well as discovery and

all evidence used in the case and a motion for indigent status. (Docs. 42-43)   Although he initially qualified financially for appointment of a CJA Panel Attorney, DeMarco obtained sufficient funds to hire Powell to represent him on appeal.

Local Rule 83.7 addresses retained criminal defense attorneys and, as to appeal, states as follows:

> (c) Appeal. Retained counsel may be required by the court to represent their client through appeal, even if no further payment from the client is available. Counsel should contemplate that circumstance in making financial arrangements with the client at the beginning of the action. If a defendant who had retained counsel at trial moves the court to proceed on appeal *in forma pauperis* and/or for the appointment of Criminal Justice Act appellate counsel, retained counsel may be required to disclose, *in camera*, (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, (3) the costs actually incurred, and (4) the hours expended and services actually rendered. All such information submitted will be viewed *in camera* by the court for the purpose of deciding the defendant's in forma pauperis motion and in deciding whether retained counsel should be required to continue representation through appeal.

L.R. SD. Ala. 83.7(c)

Since DeMarco now moves to proceed *in forma pauperis* and has requested a copy of his transcript for the appeal, the Court finds it necessary to order Powell to "disclose, in camera, (1) the total amount of fees and costs paid, (2) by whom fees and costs were paid, (3) the costs actually incurred, and (4) the hours expended and services actually rendered" on or before March 5, 2014.

**DONE and ORDERED** this 19th day of February 2014.

s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**